# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1414V

| | |
|---|---|
| MARGUERITE TAYLOR,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 14, 2025 |

*Daniel Henry Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN,* for Petitioner.

*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 30, 2022, Marguerite Taylor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome resulting from adverse effects of an influenza vaccine received on September 30, 2019. Petition, ECF No. 1. On April 12, 2024, I issued a decision awarding compensation based on the Respondent's proffer. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $12,111.17 (representing $9,514.75 in fees plus $2,596.42 in costs). Application for Attorney's Fees and Costs ("Motion") filed Mar. 26, 2024, ECF No. 37. Furthermore, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.*

Respondent reacted to the motion on November 4, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 42.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner has requested that I endorse the hourly rate of $550.00 for attorney Daniel Pfeifer, and the hourly rate of $375.00 for attorney Peter Hamann, for their time billed in the 2021-24 timeframe. These rates require adjustment.

Messrs. Pfeifer and Hamann's proposed rates exceed what I and other special masters have previously awarded the same counsel for their work in the Vaccine Program. See *Gold v. Sec'y of Health & Human Servs.*, No. 19-0402V, Slip. Op 30 (Fed. Cl. Spec. Mstr. Mar. 26, 2021) (awarding Mr. Pfeifer $450.00 per hour, and Mr. Hamann $250.00 per hour, for time billed in 2020); *Demoss v. Sec'y of Health & Human Servs.*, No. 22-0655V, Slip. Op 40 (Fed. Cl. Spec. Mstr. Sept. 9, 2024) (awarding Mr. Pfeifer $500.00 per hour for the 2021-23 period, and Mr. Hamann hourly rates of $270.00 for 2021, $290.00 for 2022, and $310.00 for 2023).

I find no reason to deviate from such reasoned determinations, and therefore reduce the hourly rates for present counsel to be consistent with the aforementioned decisions. **Application of the foregoing reduces the amount of fees to be awarded by $475.50**.[3] Counsel should note for future reference that retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez v. Sec'y of Health & Hum. Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him."). However, based on the factors relevant to determining proper hourly rates for Program attorneys, I find it reasonable to award for 2024 time Mr. Pfeifer his proposed rate of $550.00. and Mr. Hamann his proposed rate of $375.00.

*B. Litigation Costs*

Petitioner requests $2,596.42 in overall costs. ECF No. 41-2. Such costs are associated with obtaining medical records, the Court's filing fee and finance charges. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $538.32 incurred for items that are not reimbursable in the Vaccine

---

[3] This amount is calculated as: ($550 - $500 = $50 x 2.10hrs.) + ($375 - $290 = $85 x 2.60 hrs.) + ($375 - $310 = $65 x 2.30 hrs.) = $475.50.

Program.[4] Special masters have concluded that, "[a]s a general matter, 'interest cannot be recovered in a suit against the [g]overnment in the absence of an express waiver of sovereign immunity from an award of interest.'" *Raymo v. Sec'y of Health & Human. Servs.,* 129 Fed. Cl. 691, at 706 (2016), citing *Preseault* v. *U.S*., 52 Fed. Cl. 667 (2002); Response at 3. Thus, the Vaccine Act "does not provide for an award related to interest accumulated on those fees and costs." *Raymo*, at 706; Response at 3, n.1. Accordingly, I hereby reduce the litigation costs by **$538.32,** since that sum reflects Petitioner's interest charges.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$11,097.35 (representing $9,039.25 in fees plus $2,058.10 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Daniel Henry Pfeifer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] See report of daily finance charges applied to Petitioner's outstanding bill at ECF No. 41-2 at 27-28.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.